Richard **CHRISTOPHER**, Plaintiff,

v.

**LAIDLAW TRANSIT INC.,** Defendant.

**No. 95 CV 1455.**

United States District Court,
S.D. New York.

Oct. 4, 1995.

Catherine T. O'Toole Lauritano, Granik Silverman Sandberg Campbell Hekker Berger, New City City, for plaintiff.

Larry Besnoff, Obermayer Rebmann Maxwell & Hippel, Philadelphia, PA, for defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff Richard Christopher ("Christopher") brings this action against his former employer, Laidlaw Transit Inc. ("Laidlaw"), under The Americans with Disabilities Act ("the ADA"), 42 U.S.C. 12101 *et seq.* Presently before the Court is Laidlaw's motion to dismiss the complaint for failure to state a claim on which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, Laidlaw's motion is granted.

### FACTS

Christopher has been an insulin dependent diabetic for the past 25 years. From 1976 through 1994, he had been working for Laidlaw, an $860 million company in the business of contract school busing, healthcare transportation and public transit system management. While the complaint does not indicate Christopher's job title, his duties primarily included driving a school bus. On February 18, 1994, while on Laidlaw property, Christopher suffered a diabetic incident of hypoglycemic shock. He was not driving the bus, and nobody was hurt. The United States Department of Transportation Regulations ("the DOT") prohibit insulin dependent diabetics from driving a commercial vehicle weighing 10,001 or more pounds or designed to carry 15 or more passengers. See 49 C.F.R. § 383.1 et seq., 391.41(b)(3). Moreover, the New York State Department of Motor Vehicle Regulations mandate that insulin dependent diabetics who have had incident of hypoglycemic shock within two years are disqualified from driving school buses. N.Y.Comp.Codes R. & Regs. Title 15, part 6, 6.11(b)(3).

On the day of the accident, Laidlaw terminated Christopher's position as bus driver. Christopher asked on several occasions if Laidlaw could accommodate his disability by training him for maintenance work on the bus fleet. Laidlaw refused, and, instead, offered him a bus monitor position. As of February 18, 1994, Christopher was earning $12.50 per hour. The bus monitor position pays approximately $5.33 per hour.

### DISCUSSION

■■■ A complaint must be dismissed under Fed.R.Civ.P. 12(b)(6) only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). In addition, in deciding a motion to dismiss, the court must read the facts alleged in the complaint "generously" drawing all reasonable inferences in favor of the party opposing the motion. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). The trial court's role is to appraise the legal merits of the complaint and not to weigh the evidence which might be introduced at trial. See *Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 124 (2d Cir.1991) (plaintiff is not compelled to prove his case at the pleading stage). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Finally, the trial court should grant a Rule 12(b)(6) motion "only if is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102).

■■■ To state a prima facie case of disability discrimination under the ADA, Christopher must establish: (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation, he is able to perform the essential functions of the job; and

(3) that the employer terminated him because of his disability. *White v. York International Corp.*, 45 F.3d 357, 360–61 (10th Cir.1995). The parties agree that Christopher is a handicapped individual.[1] The conflict concerns the related issues of whether Christopher is qualified and to what extent Laidlaw must accommodate him.

A qualified individual with a disability means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that "such individual holds or desires." *Id.* § 12111(8). Qualification standards may include a requirement that an individual shall not pose a direct threat to the health or safety of others that cannot be eliminated by reasonable accommodation. *Id.* § 12111. Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of a business of such covered entity." *Id.* § 12112(b)(5)(A). "The term 'reasonable accommodation' may include ... reassignment to a vacant position'" *Id.* § 12111(9).

■■■ Laidlaw argues that Christopher is not a qualified individual with a disability. Generally, the determination of whether an individual is otherwise qualified and to what extent he needs an accommodation requires an individualized factual inquiry. As our Supreme Court has advised:

> Such an inquiry is essential if [the Act] is to achieve the goal of protecting handicapped individuals from deprivations based

on prejudice, stereotypes, or unfounded fear, while giving appropriate weight to such legitimate concerns [such as] exposing others to significant health and safety risks.

*School Board of Nassau County v. Arline*, 480 U.S. 273, 287, 107 S.Ct. 1123, 1130–31, 94 L.Ed.2d 307 (1987).[2] Laidlaw argues that an individualized inquiry is not necessary here because Christopher is prohibited by DOT regulations from performing services as a busdriver. See *Daugherty v. City of El Paso*, 56 F.3d 695, 698 (5th Cir.1995); *Chandler v. City of Dallas*, 2 F.3d 1385, 1394 (5th Cir.1993) (holding that dismissals of insulin dependent diabetics who were hired to operate certain vehicles prohibited under Department of Transportation regulations did not violate the ADA.).

■■■ Christopher does not dispute that he is not qualified to drive a school bus.[3] However, he argues that Laidlaw should have made a reasonable accommodation by retraining him for maintenance work. An allegation of failure to transfer and retrain, without more, is insufficient as a matter of law to state a claim upon which relief can be granted. Generally, an employer is not required to provide disabled employees with alternative employment when the employee is unable to meet the demands of his present position. *Bates v. Long Island Railroad Company*, 997 F.2d 1028, 1035 (2d Cir.1993), *cert denied,* —— U.S. ——, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993); *Emrick v. Libbey–Owens–Ford*, 875 F.Supp. 393, 397 (E.D.Tex. 1995) Rather, an employer is required merely to reasonably accommodate an employee's handicap so as to enable him to perform the functions of the position he cur-

---

**1.** See *Sarsycki v. United Parcel Serv.*, 862 F.Supp. 336 (W.D.Okl.1994) ("Individual with insulin-dependent diabetes has disability as defined by statute since it is undisputed that without medication he would be unable to perform major life activities, would suffer various physical symptoms and could die.").

**2.** *Arline* was decided under the ADA's predecessor, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* However, the substantive standards for determining liability are the same under both Acts. *Myers v. Hose*, 50 F.3d 278, 281 (4th Cir.1995) *Chandler v. City of Dallas*, 2 F.3d 1385 (5th Cir.); *Ricks v. Xerox Corp.*, 877 F.Supp.

1468 (D.Kan.1995); *Emrick v. Libbey–Owens–Ford Inc.*, 875 F.Supp. 393, 395 (E.D.Tex.1995); *Cannon v. Principal Health Care of Louisiana Inc.*, 1995 WL 131099 *2 (E.D.La.1995).

**3.** Under the ADA, an employer must comply with qualification standards mandated by other federal laws. 29 C.F.R. 1630.15(e). Moreover, the DOT regulations at issue here are not contrary to the substantive provisions of the ADA. See e.g. *Ward v. Skinner*, 943 F.2d 157, 158 (1st Cir. 1991), *cert. denied*, 503 U.S. 959, 112 S.Ct. 1558, 118 L.Ed.2d 207 (1992).

rently holds. *Guillot v. Garrett,* 970 F.2d 1320, 1326–27 (4th Cir.1992); see also *Arline,* 480 U.S. at 289, 107 S.Ct. at 1131. In analyzing whether an accommodation is reasonable, we often question whether the employer could modify the position to eliminate safety risks. See *Chiari v. City of League City,* 920 F.2d 311 (5th Cir.1991). In addition, the type of alternative employment the employer normally provides its non-disabled employees under its existing polices is relevant to this inquiry. See *Bates,* 997 F.2d at 1036; *Carter v. Tisch,* 822 F.2d 465, 467 (4th Cir.1987). Christopher alleges neither that Laidlaw could reasonably accommodate him in the position for which he was hired nor that he was treated any differently from Laidlaw's non-disabled employees. Because these essential contentions are not alleged, we find that Christopher fails to state a claim.

### CONCLUSION

For the reasons stated above, Laidlaw's motion to dismiss is granted without prejudice with leave to amend the complaint within twenty days of the date of this order.

**SO ORDERED.**