**David ROCHFORD, Plaintiff,**

v.

**TOWN OF CHESHIRE, Defendant.**

No. CIV.3:96CV00717(PCD).

United States District Court, D. Connecticut.

Sept. 11, 1997.

Christopher G. Santarsiero, Moynahan, Ruskin, Mascolo, Mariani & Minnella, Waterbury, CT, for Plaintiff.

Gary S. Starr, Kainen, Starr, Garfield, Wright & Escalera, Hartford, CT, Stephen P. Fogerty, Thomas P. O'Dea, Jr., Halloran & Sage, Westport, CT, for Defendant.

DORSEY, Chief Judge.

Defendant Town of Cheshire ("defendant" or "Town") moves for summary judgment pursuant to Fed.R.Civ.P. 56(c) on plaintiff David Rochford's ("plaintiff" or "Rochford") discrimination claim under the Americans With Disabilities Act, 42 U.S.C. § 12201 *et seq.* ("ADA"). For the following reasons, defendant's motion for summary judgment is granted.

## I. *BACKGROUND*

Plaintiff was employed by defendant as a Public Works Maintainer ("maintainer") on November 2, 1992, when he injured his back on the job. Plaintiff returned to work on November 23, 1992 after physical therapy and was placed on "light duty" operating a truck. On December 7, 1992, he went on injury leave.

After a functional capacity examination at the Performance Evaluation and Assessment Center ("PEAC") in late December, plaintiff's doctor, Dr. Finn diagnosed his injury as a lumbar strain. He recommended PEA's physical therapy, "work-hardening" program for a month. A functional capacity exam in late January revealed improvement in plaintiff's physical condition. His ability to lift above shoulder height had increased from 45.5 to 63 pounds, from desk to chair level, 68 to 88 pounds, and from chair to floor level 30 to 70 pounds.

He returned to work with a weight restriction of 50 pounds and a two-month prohibition on truck driving. In April 1993, he reinjured his back shoveling snow. His weight restriction was dropped to 35 pounds. On June 4, 1993, Dr. Finn assessed plaintiff as having a 10% permanent partial disability of his back and that he had reached maximum improvement. He recommended that plaintiff undergo vocational rehabilitation and not return to full heavy duties.

During his light duty, Rochford worked with another maintainer, Thomas McKenzie, who was permanently assigned to building maintenance.

During latter July, plaintiff injured himself falling on stairs at home and missed additional time at work. At this time, Thomas Crowe, the Director of Public Works ("Crowe"), asked Dr. Finn to complete a work restriction form evaluating plaintiff's condition. Dr. Finn advised that plaintiff was no longer under his care, but that he would complete the form if he had the results of a recent PEAC exam.

On August 18, 1993, Crowe's secretary told plaintiff that a PEAC exam was scheduled for him later that day. Plaintiff allegedly protested the exam because of his recent injury from the fall at home. Crowe would not reschedule. The exam revealed a reduced ability to lift, carry and stand.

Dr. Finn reviewed these results, completed the work restriction form, and forwarded it to Crowe. Based on this evaluation, Crowe discharged plaintiff, stating that the Public Works Department "does not have permanent positions whose essential components are free from the tasks prohibited by your doctor." Plaintiff filed a grievance with the Town which was dismissed. Plaintiff then filed a complaint with the EEOC which granted him permission to sue on January 26, 1994.

Plaintiff claims that defendant violated the ADA. He seeks damages, back pay, and reinstatement. Defendant moves for summary judgment contending that 1) plaintiff was not disabled, and 2) plaintiff was not able to perform the essential functions of his job as maintainer with or without reasonable accommodation.

## II. DISCUSSION

### A. Standard of Review

In a motion for summary judgment, the moving party must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual issue is "material" if it "might affect the outcome of the suit under governing law...." *Id.* A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are drawn against the moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987).

A party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Although all reasonable inferences must be drawn against the moving party, "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

## B. *Scope of the ADA*

■ To sustain a claim under the ADA, plaintiff must prove that: (1) he was disabled within the meaning of the ADA; (2) he was qualified, with or without reasonable accommodation, to perform his job; and (3) that he was discharged because of his disability. *White v. York Int'l Corp.*, 45 F.3d 357, 360–61 (10th Cir.1995).

### 1. *Disability under the ADA*

■ Under the ADA, disability requires, "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) [the individual is] regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff asserts that he falls under definitions (A) and (C). Because he falls under (A), whether he falls under (C) as well is not addressed.

"Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and *working*." 29 C.F.R. Pt. 1630.2(i)(emphasis added). Plaintiff asserts that he was substantially limited in the major life activity of working.

While it is undisputed that plaintiff is physically impaired—a 10% permanent partial disability of the back—the parties disagree as to whether he is substantially limited.

> With respect to the major life activity of *working* . . . [t]he term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. Pt. 1630.2(j)(3)(i) (emphasis in original).

Defendant argues that plaintiff is not substantially limited in the major life activity of working because his physical impairment only excludes him from a narrow range of jobs. Plaintiff argues that it excludes him from all heavy lifting jobs and thus constitutes a substantial limitation.

Courts differ as to whether a back condition which prevents lifting and performing heavy duty jobs constitutes a substantial limitation on working. In *Frix v. Florida Tile Indus., Inc.*, 970 F.Supp. 1027 (N.D.Ga.1997), the court addressed this issue where plaintiff claimed a substantial limitation in a 25 pound weight-lifting restriction:

> Defendant argues that Plaintiff is not substantially limited in the major life activity of working because Plaintiff is precluded from performing only a narrow range of jobs. . . . A growing body of case law supports Defendant's argument. *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir.1996) (holding as a matter of law that "twenty-five pound lifting limitation—particularly when compared to an average person's abilities—does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity"; *Aucutt v. Six Flags Over Mid–America*, 85 F.3d 1311, 1319 (8th Cir.1996)) (holding plaintiff failed to show plaintiff was substantially limited in major life activities where "a 25-pound lifting restriction was the only medical limitation placed upon [plaintiffs] activities"); *Ray v. Glidden Co.*, 85 F.3d 227, 228, 229 (5th Cir.1996) (holding that inability to continuously lift containers weighing on average 44–56 pounds "does not render a person substantially limited in the major life activities of lifting or working"); *Wooten v. Farmland Foods*, 58 F.3d 382, 384, 386 (8th Cir.1995) (plaintiff not substantially limited in major life activity of working where plaintiff was restricted to light duty with no working in cold environment and no lifting items weighing more than 20 pounds).

This court, however, rejects Defendant's arguments, and the case law supporting the argument, because the Court believes Plaintiff's back impairment prevents Plaintiff from performing an entire class of jobs. "[A]n individual who has a back condition that prevents the individual from performing any heavy labor job [is] substantially limited in the major life activity of working

because the individual's impairment eliminates his or her ability to perform a class of jobs." 29 C.F.R. Pt. 1630, App. § 1630.2(j) (1996).

*Frix,* 970 F.Supp. at 1034.[1]

The *Frix* analysis is persuasive. Here plaintiff has presented sufficient evidence, which, if credited, would establish that he is substantially limited from working because he is excluded from heavy labor jobs.[2] The work restriction form indicates that he could lift 26 pounds above shoulder height, 34.5 pounds from desk to chair levels, and 21.5 from chair to floor levels. In the push/pull assessment, his capability was 91.5 pounds. (Pl.'s Ex. Y.) He could carry 47 pounds with each hand. (*Id.*) Dr. Finn noted that plaintiff could only occasionally bend/stoop, squat, crawl, climb stairs, crouch, kneel, and balance. (Id.) He was limited to standing three hours a day in 30 minute intervals (*Id.*) Dr. Finn found that the requirements for the maintainer job fell in the heavy work range. (*Id.*) He thus concluded that plaintiff did not have the capability for the heavy work position and recommended that he be released for a light duty job search. (*Id.*) Based on this evidence, a reasonable jury could find that plaintiff was excluded from all heavy labor jobs and thus was substantially limited in his ability to work.

Accordingly, defendant's motion for summary judgment on this ground is denied.

## C. *Qualified Individual*

Having determined plaintiff could be disabled, it must next be determined if he is a qualified individual under the ADA. "A qualified individual with a disability means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position 'that such individual holds or desires.'" *Christopher v. Laidlaw Transit*

*Inc.,* 899 F.Supp. 1224, 1227 (S.D.N.Y.1995) (quoting 42 U.S.C. § 12111(8)). Whether one is a qualified individual requires an individualized factual inquiry. *Christopher,* 899 F.Supp. at 1227. "[P]laintiff bears the burden of proving either that she can meet the requirements of the job without assistance, or that an accommodation exists that permits her to perform the job's essential functions." *Borkowski v. Valley Cent. School Dist.,* 63 F.3d 131, 138 (2d Cir.1995).

The essential functions of the position must be determined. Essential functions are the position's "fundamental job duties." 29 C.F.R. Pt. 1630.2(n)(1). Whether a particular function is essential may include:

> (i) [T]he employer's judgment as to which functions are essential;
>
> (ii) Written job descriptions prepared before advertising or interviewing;
>
> (iii) The amount of time spent on the job performing the function;
>
> (iv) The consequences of not requiring the incumbent to perform the function;
>
> (v) The terms of a collective bargaining agreement;
>
> (vi) The work experience of past incumbents in the job; and/or
>
> (vii) The current work experience of incumbents in similar jobs.

29 C.F.R. Pt. 1630.2(n)(3).

The maintainer job description describes the essential functions in relevant part:

1. Operates equipment such as sweepers, bulldozers, heavy duty dump trucks, payloaders, tractors, chippers, jackhammers and other standard or special equipment used in Public Works activities.

2. Performs manual labor in repair, maintenance and construction of streets, bridges, culverts, sidewalks, storm drains and other similar Public Works projects.

---

1. EEOC guidelines, although not controlling, "do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986) (citations and internal quotations omitted). No case cited in *Frix* attempted to distinguish or reconcile the EEOC guideline in 29 C.F.R. Pt. 1630, App.

1630.2(j) with the conclusion that lifting restrictions do not create substantial limitations.

2. Plaintiff stated that he can now lift over 100 pounds. (Dep. of David Rochford, February 13, 1997 at 225.) For purposes of his claim, his capabilities are analyzed at the time of the alleged discrimination.

3. Performs other maintenance tasks such as catch basin cleaning, street sweeping and cleaning, street patching, planting and landscaping, hauling operations, and the compacting and covering of solid waste.

4. Operates a chain saw and chipper in tree removal and brush clearing operations.

5. Plows snow and spreads sand on Town roads and Town property during winter storms.

(Def.'s Ex. B.) Under "Desirable Knowledge, Skills and Abilities," are listed, "[s]kill in the operation of heavy trucks on rough terrain and on slippery and unstable surfaces;" "[p]hysical strength and agility sufficient to do sustained strenuous laboring tasks under varying weather conditions, including climbing and heavy lifting up to 100 pounds." (*Id.*) Crowe notes that to be able to perform these essential functions, "it is necessary for a public works maintainer to lift up to 100 pounds, to push and pull objects, to reach over one's head, to walk on uneven surfaces, and to do substantial standing throughout the day, to crawl and stoop and kneel and to repeatedly bend." (Crowe Aff., Def.'s Ex. 4, ¶ 4.)

The only evidence from which plaintiff asserts that these are not essential functions of the job is that Thomas McKenzie, a maintainer, is permanently assigned to building maintenance, which requires lighter duty work. The fact that one maintainer is able to perform many of the light duty jobs required of a maintainer is insufficient to rebut the Town's evidence that essential functions of a maintainer include numerous heavy duty jobs.

Once functions are found essential, it must be determined whether those functions can be performed with or without reasonable accommodation. As plaintiff does not assert that he was capable of performing the functions without reasonable accommodation, it must be determined whether reasonable accommodation was available. Reasonable accommodation may include: "job restructur-

ing; part-time or modified work schedules; [or] reassignment to a vacant position...." 29 C.F.R. Pt. 1630.2(*o*)(2)(ii). As to the reasonableness of an accommodation, plaintiff bears the burden of production. *Borkowski,* 63 F.3d at 138. "It is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." *Id.* at 138. Once plaintiff does this, defendant bears the burden of persuasion that the proposed accommodation is unreasonable, i.e., it would cause undue hardship. *Id.*

Defendant claims that no reasonable accommodation was available for plaintiff. Plaintiff suggests four accommodations he asserts would have been reasonable. First, he suggests that they could have continued his employment doing light duty work. As noted by Crowe, "[t]he light duty assignment that [plaintiff] was placed in pursuant to his doctor's instructions, was a temporary assignment and there is not enough work for someone with [plaintiff's] restrictions to be so employed on a full time basis as a 'light duty maintainer' without creating a new position which would be an undue financial and procedural hardship on the Town." (Crow.Aff., ¶ 11.) Accordingly, defendant's evidence rebuts plaintiffs suggested accommodation, and thus, permanent light duty work is not a reasonable accommodation.

Second, plaintiff suggests that he could have been returned to his regular work crew, but permitted to perform given functions for only the periods of time allowed by Dr. Finn, and with the weight restrictions imposed by him. However, "[a]n employer ... is not required to reallocate essential functions. The essential functions are by definition those that the individual who holds the job would have to perform, with or without reasonable accommodation, in order to be considered qualified for the position." 29 C.F.R. Pt 1630, App. 1630.2(*o*).[3] Therefore, this is not a reasonable accommodation, and plaintiff has not met his burden of production.

The third accommodation plaintiff suggests is that he could have been granted

---

**3.** It is noted that this is, in essence, what plaintiff requests in regards to his first suggested accommodation. He is asking that he be assigned the light duty jobs of a maintainer, while, presumably, other maintainers assume the essential functions which he cannot perform.

an eight-week unpaid leave, as he had requested, rather than a four-week leave. However, the assessment performed by Dr. Finn stated that he did not "feel that [plaintiffs] capabilities would increase to the point where he could ever attempt to return to his position as maintainer with the Town of Cheshire." (Pl.'s Ex. Y) (emphasis added). Furthermore, plaintiff had been placed on limited weight restrictions and light duty since Nov. 1992. There is no evidence that an eight-week, rather than a four-week leave, would have resulted in plaintiffs return to a condition where he would be able to perform the essential functions of a maintainer position. Therefore, plaintiff has not produced any evidence that this would be a reasonable accommodation.

■ Plaintiffs fourth proposed accommodation is that defendant should have permitted him to reschedule the PEAC exam. However, Dr. Finn notes in his evaluation that plaintiff told him that while he was on unpaid leave of absence, he " 'slipped on some stairs' and had 'injured his neck.' " (Id.) However, Finn notes that "[t]his injury was reported only with the area of cervical mobility and was not mentioned with any other activity, either weighted or non-weighted." (Id.) Therefore, based on Dr. Finn's report, it is evident that the injury on the stairs did not effect the results of the exam, at least to any extent that would have affected his analysis regarding plaintiffs ability to perform the job of maintainer. Therefore, plaintiff has not produced any evidence that this is a reasonable accommodation.

Accordingly, there is no disputed issue of material fact that plaintiff was not a qualified individual with a disability under the ADA. Therefore, defendant's motion for summary judgment is granted.

## III. CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment (doc. 23) is GRANTED.

SO ORDERED.