**CSC HOLDINGS, INC., Plaintiff,**

v.

**Richard TOPOREK, Defendant.**

No. CV–01–2657(ADS)(MLO).

United States District Court,
E.D. New York.

Feb. 23, 2002.

Lefkowitz, Louis & Sullivan LLP by Patrick J. Sullivan, Jericho, NY, for Plaintiff.

Richard A. Kraslow, P.C. by Richard A. Kraslow, Melville, NY, for Defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

CSC Holdings, Inc. ("Cablevision" or the "plaintiff") filed the complaint in this case against defendant Richard Toporek ("Toporek" or a "defendant"), claiming that he intercepted, received, and displayed the plaintiff's cable television programming services without the plaintiff's authorization by use of a "pirate" converter-decoder device, in violation of the Communications Act of 1934, 47 U.S.C §§ 553(a) and 605(a)(1). Presently before the Court is a motion by the defendant to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. BACKGROUND

The following facts are taken from the complaint. Cablevision, a Delaware corporation authorized to conduct business in New York, is the owner of a franchise,

giving it the right to construct, operate, and maintain cable television systems in several counties, including Nassau County. Cablevision's signal is a private telecommunication not intended for public use or enjoyment without Cablevision's authorization. Cablevision offers its customers various "packages" of cable television services. In particular, customers can choose between "Basic" and "Family" tier packages, which they purchase at different monthly rates. For an additional monthly charge, subscribers can purchase "premium" programming services, such as Cinemax, Home Box Office, and Showtime. Cablevision also offers "pay per view" programming, which enables the Cablevision subscriber to purchase individual movies, sporting events, or other entertainment for a per-event fee in addition to the subscriber's regular monthly fee for the cable television service.

Cablevision utilizes orbiting satellites, as well as other means of over-the-air radio communication, in order to receive nearly all of its cable television signals at its reception facilities. Cablevision thereafter transmits the signals to the homes and businesses of its subscribers through a network of cable wiring and equipment (the "system"). Cablevision provides its subscribers with a device known as a "converter," which changes the transmitted signals into individual channels that can be viewed on a television set.

Cablevision encodes or "scrambles" the signals of certain channels to prevent subscribers from viewing programming services for which they have not paid. Subscribers who purchase scrambled programming are provided with a device known as a "descrambler" or "decoder," which is incorporated into the converter. The descrambler decodes the purchased programming so that it can be viewed on the subscriber's television, while the pro-

gramming that is not purchased cannot be viewed. The converter-decoders that Cablevision provides to its subscribers are individually programmed by a central computer to allow subscribers to receive only the programming that they have selected and purchased. It is possible for an individual to install a "pirate" converter-decoder onto Cablevision's system in order to view the scrambled programming without payment or authorization.

The complaint alleges that Toporek "purchased one or more 'pirate' cable television descrambling and decoding devices and equipment" from an Illinois-based entity, known variously as Teleview, Omega Holdings, L.L.C., and JRC Products, Inc. The complaint further asserts that since purchasing the device, Toporek has been engaged in the ongoing unauthorized reception and interception of Cablevision's cable television programming services at his residence without paying for those services.

Cablevision alleges that the "pirate" converter-decoder was specifically modified to descramble Cablevision's "premium" and "pay-per-view" cable television programming, thus circumventing the security functions of Cablevision's scrambling technology, in violation of 47 U.S.C. §§ 605(a) and 553(a)(1). Further, the plaintiff alleges that the defendant's conduct was deliberate and intentional.

Presently before the Court is a motion by the defendant to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In particular, defendant asserts that the plaintiff's allegations are conclusory and lack sufficient factual allegations to plead a claim for violation of the Communications Act of 1934.

## II. *DISCUSSION*

On a motion to dismiss for failure to state a claim, the Court should dismiss

the complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41 (2d Cir.1997). The court must confine its consideration to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. *Leonard F. v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999).

■ In addition, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). It is not the Court's function to weigh the evidence that might be presented at trial; instead, the Court must merely determine whether the complaint itself is legally sufficient. *See Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

■ Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The principal function of this Rule is to provide defendants with fair notice of the claims against them so that they may answer those claims and prepare for trial. *See Simmons II v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) (quoting 2A Moore's Federal Practice ¶ 8.13, at 8–58 (2d e.1994)); *Parisi v. The Coca–Cola Bottling Company of New York,* 995 F.Supp. 298, 300 (E.D.N.Y.1998). Dismissal under this Rule is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v.*

*Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). While the plaintiff need not set out in detail the facts upon which he bases his claim, he must "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *See Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)).

■ The plaintiff's complaint meets the requirement of notice pleading. In order to establish violations of 47 U.S.C. §§ 553(a)(1) and 605(a), the plaintiff must show that the defendant intercepted communications offered over plaintiff's cable system through the use of equipment. *See International Cablevision, Inc. v. Sykes,* 75 F.3d 123, 133 (2d Cir.1996). Here, Cablevision alleges that Toporek purchased "pirate" descrambling and decoding devices and used that equipment to intercept Cablevision's cable television programming services without paying for them. Viewing these allegations in the light most favorable to the plaintiff, the Courts finds that they are sufficient to place Toporek on notice as to the claims against him and the grounds upon which they rest. *See TWC Cable Partners v. Conzo,* 1997 WL 1068670 *1 (E.D.N.Y.1997). The details that Toporek claims should be contained in the complaint are not required by notice pleading and will be flushed out in discovery. Accordingly, the Court finds that the complaint satisfies the pleading requirements of Rule 8, and the defendant's motion to dismiss the complaint on that ground is denied.

### III. CONCLUSION

Having reviewed the submissions of the parties and based on the foregoing, it is hereby

ORDERED, that the defendant's motion to dismiss the complaint is **DENIED**; and it is further

ORDERED, that the parties are directed to report to United States Magistrate Judge Michael L. Orenstein forthwith to set a schedule for discovery.

**SO ORDERED.**