GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of LAWYERS MORTGAGE COMPANY, Appellant, v. THE MANHATTAN SAVINGS INSTITUTION, Respondent.— After alleging the proceedings under which the plaintiff was appointed the rehabilitator of the Lawyers Mortgage Company, pursuant to article XI of the Insurance Law of the State of New York, the complaint alleges that the defendant sold to Lawyers Mortgage Company, on or about November 16, 1932, certain premises located in Westchester county for the sum of $14,000 subject to a mortgage in the sum of $62,000, and that said premises were conveyed by defendant to Terrace Realty Corporation (instead of directly to the Lawyers Mortgage Company) which received said title for the benefit of the Lawyers Mortgage Company, in order to circumvent the provisions of the statute which makes illegal the purchase of real property by an insurance company except for certain specified purposes. The complaint further alleges that, after ascertaining the facts, plaintiff notified defendant of his intention to rescind the sale, and has offered and is ready to reconvey to defendant the aforesaid premises, and to pay to defendant all of the moneys received in the operation of said property, as well as the brokerage commissions paid by the defendant, and to account to the defendant for all moneys received in the operation of said premises. Plaintiff demanded judgment for $14,000, with interest from November 16, 1932. Judgment dismissing the complaint on the merits at the close of plaintiff's case unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

HARDWARE AND PLUMBING SUPPLY CORP. OF WEIL BROS., Plaintiff, v. LAWYERS MORTGAGE COMPANY and GEORGE S. VAN SCHAICK, as Rehabilitator, Appellants, and FIFTY CENTRAL PARK WEST CORPORATION, Respondent.— The action was brought against all three defendants for the price of certain goods, wares and merchandise alleged to have been sold and delivered by plaintiff to defendants at their special instance and request, during the period between September 28, 1933, and November 1, 1933. Order denying motion of defendants-appellants for summary judgment on their cross-claim against the defendant-respondent unanimously affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

EDWARD V. McGOVERN, Appellant, v. THE CITY OF NEW YORK, Respondent.— The complaint sets up four causes of action: (1) To recover $132,422.75, the unpaid balance of the plumbing work performed for the Rikers Island Penitentiary reconstruction. (2) To recover $118,608.91 for additional work. (3) To recover $840.37 for the appropriation of plaintiff's lumber. (4) To recover $38,990.93 damages for breach of the contract in preventing completion by plaintiff. Order granting defendant's motion for summary judgment dismissing the complaint upon the ground that this action was prosecuted prior to the expiration of thirty days after the claim upon which the action is founded was presented to the comptroller of the city of New York, in violation of the provisions of section 261 of the Greater New York Charter, and the judgment entered thereon, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ. [160 Misc. 714.]