■ AROL DEVELOPMENT CORPORATION, Respondent, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County, entered May 3, 1977, denying defendants' motion to dismiss the complaint, is unanimously reversed, on the law, and the motion to dismiss is granted, and the complaint is dismissed for failure to plead compliance with section 394a-1.0 of the Administrative Code of the City of New York, without prejudice, to

the institution of a new action upon such compliance, without costs and without disbursements. Subdivision a of section 394a-1.0 of the Administrative Code provides: "In every action or special proceeding prosecuted or maintained against the city, the complaint or necessary moving papers shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims, upon which such action or special proceeding is founded, were presented to the comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment". It is established that, where this statute applies, compliance with it is a necessary prerequisite to the commencement of an action, and that service of such a notice after the service of the summons, even though 30 days before the service of the complaint, is insufficient. *(McGovern v City of New York,* 160 Misc 714, affd 247 App Div 775, affd 272 NY 455.) Plaintiff suggests that this case comes within a narrow class of cases which have dispensed with the requirements of such notice under somewhat similar statutes where an injunction is requested against acts constituting invasion of property rights of a continuing and damaging nature. (See, e.g., *Sammons v City of Gloversville,* 175 NY 346, 351.) Even assuming that this exception exists, despite the apparently all-encompassing language of the Administrative Code, we do not think it applies to this case. The action is not essentially for equitable relief. No injunction is asked for. Eight of the 14 causes of action are for money only; five of the remaining causes of action, in form for declaratory relief, merely ask for a declaration relieving plaintiff of its obligation to pay rent, and three of these also ask for damages; one cause of action requests specific performance of the city's obligation under the lease. It may well be that the plaintiff is correct that the Comptroller is not going to attempt to adjust this claim. The Comptroller still has the right to examine plaintiff about the claim, though, perhaps, this will not take place within 30 days, as this dispute has been running on for years. It may indeed be that the city's objection serves no practical purpose; but we see no reason why we should attempt to find some reason to dispense with a plain and simple statutory requirement which plaintiff has failed to comply with for no apparent reason other than impatience. Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.