OPINION OF THE COURT

Per Curiam.

Final judgment entered July 12, 1977 (Pécora, J.) reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition, with costs, and final judgment directed in favor of tenant dismissing the petition, with costs, without prejudice to the institution of a new proceeding wherein the petitioner shall allege compliance with section 394a-1.0 of the Administrative Code of the City of New York.
Petitioner commenced this nonpayment summary proceeding against the City of New York to recover possession of premises leased by the city for use by a community college. The petition contained a demand for rent in the total amount of $228,652.44, which covered alleged arrears in basic annual rent and additional rent accumulated over a 15-month period. The city had declined to pay various portions of the basic rent and additional rent attributable to electricity charges on the ground that such charges were duplicative and not collectible under the lease, as amended. The petition did not contain an allegation that petitioner had complied with the requirements of section 394a-1.0 of the Administrative Code. Subdivision a of that section provides, in pertinent part, as follows: "In every action or special proceeding prosecuted or maintained against the city, the complaint or necessary moving papers shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims, upon which such action or special proceeding is founded, were presented to the comptroller for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment”. Manifestly, the purpose of the provision is to permit the city to investigate the validity of a claim and determine whether it desires to pay or settle it without the expense of litigation. "It is established that where this statute applies, compliance with it is a necessary prerequisite to the commencement of an action.” (Arol Dev. Corp. v City of New York, 59 AD2d 883, citing McGovern v City of *1079 New York, 160 Misc 714, affd 247 App Div 775, affd 272 NY 455).
The question framed for decision is whether the requirement is applicable to a nonpayment summary proceeding brought against the city. Trial Term held that it was not. We disagree. The provision is broadly drawn and applies without limitation to "every action or special proceeding prosecuted or maintained against the city” (emphasis added). A nonpayment summary proceeding is a hybrid proceeding-action, which may terminate in a money judgment for rent due in addition to a possessory judgment (Clark v Newton, 140 Misc 510; Automobile Warehouse Sales Co. v Altobell Trucking Co., NYLJ, June 27, 1974, p 11, col 8, mot for lv to app den, NYLJ, Sept. 10, 1974, p 2, col 1). Since the predicate for the proceeding was nonpayment of rent, a monetary claim amenable to adjustment by the city, the city was entitled to its opportunity to effect such an adjustment or to pay the amount demanded in order to avoid litigation and the eventful possibility of entry of a final judgment against it. Under such circumstances, we see no reason why the clear import of the language of the code should not control. While such course will necessarily delay the enforcement of petitioner’s summary remedy, it is settled that the Legislature may enact, for the benefit of the municipality, permissible qualifications upon the statutory right to sue (see Salesian Soc. v Village of Ellenville, 41 NY2d 521, 523-524).
We reach no other question.
Concur: Hughes, J.P., Riccobono and Asch, JJ.