OPINION OF THE COURT

Per Curiam.

On January 17, 1980, plaintiff’s violin was allegedly stolen from his automobile which was parked in a lot owned by Bronx Municipal Hospital. Plaintiff served a summons and complaint on the New York City Health and Hospitals Corporation on January 22,1980, a summons and complaint on the Corporation Counsel of the City of New York on January 28, 1980, and a notice of claim on the Comptroller of the City on May 5, 1980, 115 days after the theft.
Defendants moved for dismissal on the ground that plaintiff failed to comply with the statutory requirements for timely service of notices of claim prior to bringing suit. Special Term, deeming plaintiff’s service of a summons and complaint upon each defendant legally sufficient to constitute a valid notice of claim, granted defendants’ motion to a limited extent only. The court dismissed the action without prejudice to the institution of a new one, pursuant to CPLR 205 (subd [a]), by service of a proper complaint containing the required allegation, not included in the initial complaint, that a notice of claim had been served at least 30 days earlier (General Municipal Law, § 50-i; New York City Health and Hospitals Corporation Act, § 20, subd 1 [L 1969, ch 1016, as amd], McKinney’s Unconsolidated Laws of NY, § 7401, subd 1). The Appellate Division unanimously affirmed the order of Special Term, without opinion, and granted defendants leave to appeal. We agree with defendants’ argument that plaintiff’s summons and complaint did not constitute a valid notice of claim, and consequently that no timely notices of claim were ever served. We therefore modify the Appellate Division order to dismiss the complaint with prejudice.
Service of a notice of claim — the contents of which are prescribed by section 50-e of the General Municipal Law and section 7401 of McKinney’s Unconsolidated Laws of NY — is a condition precedent to a lawsuit against a municipal corporation. Plaintiff must not only plead in his complaint that he has *62 served a notice of claim, but must also allege that the notice was served at least 30 days prior to commencement of the action and that in that time defendants neglected to or refused to adjust or to satisfy the claim (Giblin v Nassau County Med. Center, 61 NY2d 67, 73-74; General Municipal Law, § 50-i, subd 1; McKinney’s Unconsolidated Laws of NY, § 7401, subd 1). Failure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal (Republic of Argentina v City of New York, 25 NY2d 252, 265; see, also, Parochial Bus Systems v Board of Educ., 60 NY2d 539, 548). The mandatory 30-day period between service of the notice of claim and the summons and complaint serves the salutary purpose of allowing municipal defendants to conduct an investigation and examine the plaintiff with respect to the claim (see General Municipal Law, § 50-h; McKinney’s Unconsolidated Laws of NY, § 7401, subd 2), and to determine whether the claims should be adjusted or satisfied before the parties are subjected to the expense of litigation (see Arol Dev. Corp. v City of New York, 59 AD2d 883; Devon Estates v City of New York, 92 Misc 2d 1077, 1078). Indeed, we are advised by defendants, who are subject to a great many claims, that notices of claim and complaints are processed by different administrative units, one for investigation and the other for litigation. By serving only a summons and complaint signalling a litigation, and not the statutory notice of claim followed by a summons and complaint, signalling a period for investigation, plaintiff frustrated such procedures and the legislative purpose served by the statutory scheme.*
Having failed to comply with the law applicable to commencing an action against defendants, plaintiff’s claim must fail. Accordingly, the Appellate Division order should be modified, with costs to defendants, by dismissing the complaint with prejudice, and, as so modified, affirmed.
Chief Judge Cooke and Judges Jasen, Jones, WachtEer, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order modified, with costs to defendants, in accordance with the opinion herein and, as so modified, affirmed.

 Nor did plaintiff, a lawyer who has previously utilized the correct procedure in litigation against the City, avail himself of the opportunity to seek leave to serve a notice of claim nunc pro tunc.