OPINION OF THE COURT
Per Curiam.
Order entered December 1, 1998 reversed, with $10 costs, and tenant’s motion to dismiss the holdover petition is denied.
In this holdover proceeding, landlord seeks possession of commercial space held by tenant the City of New York under monthly hiring after expiration of a written lease. Civil Court dismissed the petition, without prejudice, upon the ground that landlord served a premature notice of claim upon the comptroller pursuant to section 7-201 (a) of the Administrative Code of the City of New York. That section provides, in relevant part: “In every action or special proceeding prosecuted or maintained against the city, the complaint or necessary moving papers shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims, upon which such action or special proceeding is founded, were presented to the comptroller for adjustment, and that the comptroller has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment” (Administrative Code § 7-201 [a]; emphasis supplied).
We conclude that in a summary proceeding for the possession of real property after a lease has expired by its terms, compliance with the Administrative Code provision is not a prerequisite for suit since there exists no claim for settlement, adjustment or payment by the comptroller. Similar to certain equitable actions where money damages are not at issue (Sammons v City of Gloversville, 175 NY 346; Fontana v Town of Hempstead, 18 AD2d 1084, affd 13 NY2d 1134; cf., Arol Dev. Corp. v City of New York, 59 AD2d 883), the “main object” in this proceeding is possession only. (Sammons v City of Gloversville, supra, at 351.) The prayer for use and occupancy in the petition is incidental to a final judgment of possession. In this context, compliance with the notice of claim provision was not required. The petition, insofar as it seeks possession, is therefore reinstated and remanded for trial. There shall be no monetary award in the proceeding.
Parness, P. J., McCooe and Davis, JJ., concur.