Lamont D. EVANS, Plaintiff,

v.

NASSAU COUNTY, Hempstead Police Department, Chris Devane, Esq., Detective Valdez, C.I.U., P.O. James Morris, Jr., P.O. Cunningham, and Nassau County Jail Medical Dept., Defendants.

No. CV 01–1131(ADS).

United States District Court,
E.D. New York.

Feb. 13, 2002.

Lamont D. Evans, Hudson Correctional Facility, Hudson, Plaintiff Pro Se.

Lorna Goodman, County Attorney of Nassau County, Mineola, By Catherine N. Gray, Deputy County Attorney, for Defendant Nassau County and Nassau County Jail Medical Department.

Callan, Koster, Brady & Brennan, LLP, New York (Warren S. Koster, of Counsel), for Chris Devane.

Montfort, Healy, McGuire & Salley, Garden City, NY (James Michael Murphy, of Counsel), for Defendants Hempstead Police Department, Detective Valdez P.O. James Morris, Jr., and P.O. Cunningham.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On February 26, 2001, the *pro se* plaintiff, Lamont Evans ("Evans" or the "plaintiff") commenced this action by filing a complaint, alleging that the Hemptsead Police Department ("Hempstead Police Department" or a "defendant"), Detective Valdez, C.I.U. ("Valdez" or a "defendant"), P.O. James Morris, Jr. ("Morris" or a "defendant"), P.O. Cunningham ("Cunningham" or a "defendant") (collectively, the "police defendants"), the Nassau County ("Nassau County" or a "defendant"), Nassau County Jail Medical Department ("Nassau County Jail Medical Department" or a "defendant") (collectively, the "County defendants"), and Chris Devane, Esq. ("Devane" or a "defendant") (collectively, the "defendants") violated 42 U.S.C. § 1983 in that he was falsely arrested, denied appropriate medical attention, and denied the effective assistance of counsel. Presently before the Court are: (1) a motion by Evans for the entry of a default judgment; (2) a motion by Devane for summary judgment; and (3) a motion by the County defendants to dismiss the complaint.

## I. BACKGROUND

### A. The Complaint

The following facts are taken from the complaint. On June 30, 2000, at 2:41 a.m., defendant Morris knocked Evans down from a bicycle he was riding, drew his gun, and told Evans that if he moved, he would be shot. Morris threw Evans up against a

wall and searched his pockets. Morris removed items from Evans' pockets and threw them on the hood of the patrol car. Morris arrested and handcuffed Evans and placed him in the rear of the patrol car. Evans claims that he was falsely arrested and that his rights were not read to him. Evans further states that he did not make the statements that defendants Cunningham and Valdez claim he made.

The complaint also alleges that since June 30, 2000, Evans has been "subjected to the bad conditions of the Nassau County Jail and its unruly guards, living conditions, medical attention, nurses with bad attitudes talking to me wrongly. Corrupt and abusive jail guards, and its incompetent administration, cells and mattresses that smell of urine. Being transported in dirty buses with my hands tightly handcuffed as if I committed murder."

Evans is HIV-positive and has been prescribed medication that he should take every eight hours. Evans alleges that the Nassau County Correctional Facility distributes his medication every nine hours, which he claims has had a negative effect on his health.

Lastly, Evans claims that defendant Devane, Evans' court-appointed attorney, deprived him of the effective assistance of counsel by attempting to persuade him to plead guilty "to a charge I didn't commit[ ]."

The complaint does not list any specific causes of action. It is a standard prisoner complaint, entitled "Form To Be Used By a Prisoner Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Next to the question, "Did you present the facts relating to your complaint in the state prisoner grievance procedure?" Evans checked the box, "No". Next to the question, "If you[r] answer is NO, explain why not," Evans wrote, "My complaint is not with the jail center, for they are only holding me for the outcome of this case."

Evans also indicated that he did not complain to the prison authorities.

### B. *Devane's Rule 56.1 Statement*

The following facts are derived from Devane's Rule 56.1 statement. Evans did not file a counter-statement or an opposition to Devane's motion for summary judgment. In addition, Devane filed a Rule 56.2 notice to a *pro se* litigant opposing summary judgment in which Devane writes the following in capital letters, "THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION." Given that Evans received the Rule 56.2 notice and does not dispute the allegations in Devane's Rule 56.1 statement, the Court considers the allegations in the Rule 56.1 statement to be undisputed.

On June 30, 2000, Evans was arrested and charged with Burglary in the Third Degree (Penal Law § 140.20). On July 20, 2000, a grand jury indicted Evans and charged him with Burglary in the Third Degree and Criminal Mischief in the Third Degree (Penal Law § 145.05).

On December 21, 2000, Evans pled guilty to Burglary in the Third Degree and Criminal Mischief in the Fourth Degree (Penal Law § 145.00). During the plea allocution, Evans admitted that on June 30, 2000, at approximately 2:41 a.m., he threw a rock through the window of Love's Cleaners and entered the store without permission to do so. Evans also stated that when he broke the window and entered the store he intended to take money from the store and, in fact, took money from the store. As a condition of the plea agreement, Evans waived his right to appeal the judgment of conviction.

On June 28, 2001, Evans was sentenced to an indeterminate term of imprisonment of from two to four years. Evans was in

the custody of the Nassau County Correctional Facility at the time he filed his complaint. In a letter, dated September 1, 2001, Evans informed the Court that he had been transferred to Hudson Correctional Facility where he is currently in custody.

## II. DISCUSSION

### A. The Motion by Evans for the Entry of a Default Judgment

■ In papers received by this Court on November 5, 2001, the plaintiff moves for a default judgment against the defendants on the ground that they have not answered his pretrial discovery demand. In papers received by this Court on November 26, 2001, the plaintiff moves for a default judgment against the defendants on the ground that they have not appeared or answered the complaint. Contrary to the plaintiff's position, all of the defendants have plead or otherwise defended the action. Nassau County and the Nassau County Jail Medical Department filed a motion to dismiss the complaint. Devane filed an answer and a motion for summary judgment. Also, the Hempstead Police Department, Valdez, Morris, and Cunningham have filed an answer. Furthermore, the defendants have complied with the discovery requirements, as United States Magistrate Judge Arlene Rosario Lindsay has certified that the final narrative statements have been filed and has referred the case to this Court for final disposition. As such, the plaintiff's motions for the entry of a default judgment are denied.

### B. Devane's Motion for Summary Judgment

■ In addressing the defendants' motions, the Court is mindful that the plaintiff is proceeding pro se and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.' " Hughes v. Rowe,

449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); see also Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993). The Court recognizes that it must make reasonable allowances so that a pro se plaintiff does not forfeit rights by virtue of his or her lack of legal training. See Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983). Indeed, district courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that pro se status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " Traguth, 710 F.2d at 95 (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir.1981)).

Evans' complaint does not contain specific causes of action. The title of the form complaint suggests this is a Section 1983 case. In addition, Evans uses the phrases "false arrest" and "false imprisonment." He also asserts that he was denied the effective assistance of counsel and describes what seems to be a claim that the defendants were deliberately indifferent to his medical needs. Reading the complaint liberally, the Court construes it to raise a Section 1983 false arrest claim; a state-law claim for false arrest; a Section 1983 ineffective assistance of counsel claim; a state-claim for the ineffective assistance of counsel; and a Section 1983 claim for the deliberate indifference to medical needs and poor prison conditions. The complaint does not indicate that Evans filed a notice of claim.

■ Devane moves for summary judgment on the ground that the two claims asserted against him are barred by *Heck*

*v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372 (footnotes omitted). When assessing a state prisoner's claim for damages pursuant to Section 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. at 2372.

 Evans pled guilty, was sentenced, and is currently incarcerated as a result of the arrest and prosecution he now challenges. A money judgment in Evans' favor on his Section 1983 false arrest and ineffective assistance of counsel claims would necessarily imply the invalidity of the his criminal conviction and sentence. Evans conviction and sentence have not been reversed or otherwise declared invalid. Accordingly, to the extent that it is possible to raise a Section 1983 ineffective assistance of counsel claim, that cause, as well as Evans' Section 1983 false arrest claim are barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383. Devane's motion for summary judgment in regard to those claims is granted.

 The County and police defendants did not join in Devane's motion. However, the Court may court may dismiss a claim

*sua sponte* when the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Evans' Section 1983 claims for false arrest and ineffective assistance of counsel are not cognizable under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383. As such, the claims lack basis in law, and the Court *sua sponte* dismisses them as against the County and police defendants. *See Fitzgerald,* 221 F.3d at 363; *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827.

## C. The Motion by the County Defendants to Dismiss the Complaint

The County defendants move to dismiss the complaint pursuant to Rule 12(b)(6) on the grounds that: (1) it does not meet the requirements of notice pleading pursuant to Rule 8(a); and (2) Evans failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act ("PLRA"). The papers submitted by the County defendants refer only to Evans' allegations regarding his treatment in the Nassau County Correctional Facility. As noted above, Evans alleges that the Nassau County Correctional Facility has unruly and abusive guards, bad living conditions, nurses with bad attitudes, incompetent administration, cells that smell of urine, and poor means of transporting its prisoners to and from court. Evans also alleges that the Nassau County Jail Medical Department distributes HIV medication every nine hours; whereas, he should be receiving the medication every eight hours.

■ On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *See King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *See Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau,* 180 F.3d 42, 54 (2d Cir.1999).

■ The Court is reminded that it must hold Evans' complaint to a more lenient standard than formal pleadings authored by a trained attorney. *See Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). The Court is also mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). The principal function of this Rule is to provide defendants with fair notice of the claims against them so that they may answer those claims and prepare for trial. *See Simmons II v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) (quoting 2A Moore's Federal Practice ¶ 8.13, at 8–58 (2d e.1994)); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988); *Parisi v. The Coca–Cola Bottling Company of New York,* 995 F.Supp. 298, 300 (E.D.N.Y.1998). Complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and, therefore, are subject to dismissal. *See Simmons II,* 49 F.3d at 86 (holding that where a complaint fails to comply with the requirement that it give fair notice of the claims asserted, it is subject to dismissal); *Salahuddin,* 861 F.2d at 42 (concluding that court may dismiss a complaint when it does not comply with requirements of Rule 8); *Parisi,* 995 F.Supp. at 300–01 ("Where the allegations are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complaints, they are meaningless as a practical matter and legally insufficient to state a claim."); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215 (1990) (stating that implicit in the requirement that a complaint must give a defendant "fair notice" is "the notice that the rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented").

■ Applying these standards to the case at hand, and according the plaintiff's complaint a liberal construction, *see Hughes,* 449 U.S. at 9, 101 S.Ct. at 176, the Court finds that the plaintiff's complaint meets the notice-pleading requirements of Rule 8. Though some of Evans' allegations are generalized, the allegations are neither vague nor conclusory. Importantly, the content of the complaint provides the defendants with fair notice of the claims against them so that they may answer those claims and prepare for trial. *See Simmons II,* 49 F.3d at 86; *Salahuddin,* 861 F.2d at 42. Accordingly, the County defendants' motion to dismiss the com-

plaint on the ground that it fails to meet the standard of Rule 8(a) is denied.

Turning to the County defendants' exhaustion requirement, the PLRA provides that

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For the purposes of this decision, the Court assumes, without deciding, that the exhaustion requirement applies to Evans' complaint. *Compare Lawrence v. Goord,* 238 F.3d 182, 185–86 (2d Cir.2001) (holding that inmates need not exhaust their administrative remedies before bringing suit for particularized instances of retaliation) *and Nussle v. Willette,* 224 F.3d 95, 106 (2d Cir.2000) (holding that exhaustion requirement does not apply where the inmate is claiming a particularized instance of assault or excessive force), *with Neal v. Goord,* 267 F.3d 116, 120–21 (2d Cir.2001) (holding that where the prisoner's claims of inadequate or untimely medical care do not contain allegations that "the responses he received to his medical needs were different or more particularized than the responses generally received by other prisoners ... [the] plaintiff's allegations do not fall within the purview of § 1997e(a)").

In his complaint, Evans claims that there was no prison grievance procedure. In the County defendants' motion to dismiss, they attach copies of a portion of the "Inmate Handbook" for the Nassau County Correctional Center. It states that if an inmate has a grievance, "You must file an inmate grievance complaint within six (6) days after the alleged incident describing the problem and the action you request. This should be addressed to the Grievance Coordinator and deposited in

your housing area mail box." The inmate handbook also informs prisoners that within seven days of filing their grievance, the Grievance Coordinator will review the complaint and try to resolve it informally. If an informal resolution is not possible, the Grievance Coordinator will meet with the prisoner and other parties involved and will afford the prisoner an opportunity to be heard.

In Evans' opposition to the County defendants' motion to dismiss the complaint, he states he filed three grievances, dated August 24, 2000, October 18, 2000, and November 19, 2000. He claims that he placed each of these grievances into the "Inmates [sic] Dorm mailbox." Evans further contends that he never received a response to his grievances.

 The record currently before the Court contains disputed factual allegations regarding whether Evans filed a grievance, and if so, whether the Nassau County Correctional Center responded to it. Accordingly, the Court finds that it cannot determine whether Evans availed himself of the inmate grievance procedure available at the Nassau County Correctional Facility and declines to dismiss Evans' claims regarding prison conditions and medical treatment on the exhaustion ground at this time.

 However, the Court notes that Evans' Section 1983 deliberate indifference claim does not allege personal involvement by Devane. Although the complaint does not indicate the defendants against whom this cause of action is asserted, the Court finds that it cannot be asserted against Devane, who was Evans' assigned counsel. There is no allegation that Devane is connected to the prison in any way much less is responsible for its conditions and medical treatment. Accordingly, the Section 1983 cause of action for deliberate indifference to Evans' medical needs is dismissed

as against Devane. *See Snider v. Dylag,* 188 F.3d 51 (2d Cir.1999) (holding that the "personal involvement of [each] defendant in alleged constitutional deprivations" is a necessary element of a Section 1983 claim).

### D. *The State–Law False Arrest Claim*

██ As noted above, the Court construes Evans' complaint as raising a state-law claim for false arrest. Under New York law, a notice of claim is a mandatory precondition to bringing a cause of action against "a county for damage, injury or death, or for invasion of personal or property rights ... alleged to have been caused or sustained in whole or in part by or because of any malfeasance, omission or duty, negligence, or wrongful act on the party of the county, its officers, agents, servants or employees." N.Y. County Law § 52(1). The notice of claim must set forth the nature of the claim and must be filed within 90 days of the date the claim arises. *See* N.Y. General Municipal Law § 50–e(1)(a). "A plaintiff is required to affirmatively plead in his complaint that he has filed a notice of claim." *Davidson v. Bronx Mun. Hosp.,* 64 N.Y.2d 59, 61–62, 484 N.Y.S.2d 533, 473 N.E.2d 761 (1984). "[F]ailure to comply with provisions requiring notice and presentment of claims prior to the commencement of litigation ordinarily requires dismissal." *Davidson,* 64 N.Y.2d at 62, 484 N.Y.S.2d 533, 473 N.E.2d 761.

██ Evans does not affirmatively plead that he has filed a timely notice of claim as required by N.Y. General Municipal Law § 50–e. Nor has Evans alleged any peculiar circumstances that would prevent dismissal. *See Salesian Socy., Inc. v. Village of Ellenville,* 41 N.Y.2d 521, 522, 393 N.Y.S.2d 972, 362 N.E.2d 604 (1977) (recognizing that some cases may present peculiar circumstances that may prevent dismissal for failure to comply with the statutory notice-of-claim requirement). Accordingly, to the extent that Evans raises a state-law claim for false arrest, that claim is dismissed on the ground that Evans has failed to comply with the notice-of-claim requirements.

### E. *The State–Law Ineffective Assistance of Counsel Claim*

To the extent that the plaintiff raises a state-law ineffective assistance of counsel claim against Devane, that claim is dismissed as well. The Court is unaware of a private cause of action for the ineffective assistance of counsel, and the plaintiff does not provide any legal support for such a claim. Accordingly, Evans' state-law claim for the ineffective assistance of counsel is dismissed.

### III. *CONCLUSION*

Based on the foregoing, it is hereby

**ORDERED,** that the motions by the plaintiff for the entry of default judgment are **DENIED;** and it is further

**ORDERED,** that the motion by Devane for summary judgment is **GRANTED,** and the complaint against Devane is dismissed in its entirety; and it is further

**ORDERED,** that Evans' Section 1983 claims for false arrest and ineffective assistance of counsel are dismissed *sua sponte* as against all of the defendants; and it is further

**ORDERED,** that the motion by the County defendants to dismiss the complaint is **DENIED;** and it is further

**ORDERED,** that the remaining cause of action is a Section 1983 claim for deliberate indifference to medical needs, which is pending against Nassau County, the Hempstead Police Department, Valdez, Cunningham, and the Nassau County Jail Medical Department; and it is further

**ORDERED,** that the parties are directed to appear before this Court on Monday, March 18, 2002 to select a jury; and it is further

**ORDERED,** that the Clerk of the Court is directed to amend the caption of the complaint to read as follows

LAMONT D. EVANS, Plaintiff,

against

NASSAU COUNTY, HEMPSTEAD POLICE DEPARTMENT, DETECTIVE VALDEZ, C.I.U., P.O. JAMES MORRIS, JR., P.O. CUNNINGHAM, and NASSAU COUNTY JAIL MEDICAL DEPT., Defendants.

**SO ORDERED.**