**Karriem SWEET, Plaintiff,**

v.

**WENDE CORRECTIONAL FACILITY, et al., Defendants.**

**No. 00–CV–6004L.**

United States District Court, W.D. New York.

March 27, 2003.

Karriem Sweet, Alsen, NY, Pro se.

Sheldon W. Boyce, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, for Plaintiff.

Emil J. Bove, Office of New York State Attorney General, Rochester, NY, for Defendant.

## *DECISION AND ORDER*

LARIMER, District Judge.

## INTRODUCTION

Plaintiff, Karriem Sweet, an inmate incarcerated at the Wende Correctional Fa-cility, brought this action pursuant to 42 U.S.C. § 1983 against Wende Correctional Facility ("Wende"), Wende's Superinten-dent E.R. Donnelly, Wende's Mental Health Unit Chief Manju Das, Department of Correctional Services Officer Cooks, and ten Correctional Officers sued as John Doe 1 through John Doe 10.

After being appointed counsel, plaintiff filed an amended complaint on March 5, 2002. In his first two claims, plaintiff alleges that the John Doe Correctional Officers physically assaulted him and caused permanent physical injuries in vio-lation of his Eighth and Fourteenth Amendment rights. Plaintiff further alleg-es that defendants Donnelly and Das failed to take steps to remedy the assaults and allowed a policy and custom to continue under which unconstitutional acts oc-curred. Plaintiff's first claim pertains to an incident that took place on August 10, 1997, and his second claim pertains to an-other incident that took place on Novem-ber 9, 1997. *See* Dkt. # 28.

For his third claim, plaintiff alleges that Officer Cooks found plaintiff guilty at an August 1997 disciplinary hearing without sufficient evidence, and wrongly sentenced him to 180 days in the Special Housing Unit, in violation of his due process rights pursuant to the Fourteenth Amendment. *Id.*

Defendants have not yet answered the amended complaint. Instead, defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies concerning all his claims as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and the Supreme Court's deci-sion in *Porter v. Nussle*, 534 U.S. 516, 122

S.Ct. 983, 152 L.Ed.2d 12 (2002).[1]

In addition, defendant Donnelly moves for summary judgment because he did not become the Superintendent of Wende until December 3, 1998, after the incidents alleged in the complaint. Defendant Das moves for summary judgment on the ground that she had no personal involvement in the matters asserted by plaintiff, and knows nothing about the alleged assaults or disciplinary hearing.[2]

Plaintiff argues that the Court should deny the defendants' motion because he is entitled to conduct discovery on the issue of whether he fulfilled the exhaustion requirement. Plaintiff claims that he attempted to exhaust his administrative remedies but that defendants did not act on his grievance complaints. However, because the parties have not conducted discovery yet, plaintiff cannot provide sufficient detail at this time to oppose the motion. Although, plaintiff concedes that

Donnelly was improperly named as the Superintendent during the relevant time period, he asks that he be permitted to conduct discovery to determine the identity of the proper party defendants.

## DISCUSSION

■ I agree with plaintiff that he should be permitted to conduct discovery on these two issues so that he may present whatever facts are necessary in opposition to defendants' motion. Pursuant to Fed. R.Civ.P. 56(f), "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

1. The PRLA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In New York State, those remedies consist of a three-step review process that includes submission of a grievance to a facility's grievance clerk, who in turn submits it to the inmate grievance resolution committee ("IGRC") for investigation and review. The IGRC's decision can be appealed to the superintendent of the facility, and the superintendent's decision can be appealed to the Central Office Review Committee, which makes the final administrative determination. See 7 N.Y.C.R.R. § 701.7. At each step, there are time limits within which the grievance or appeal must be decided, and "matters not decided within the time limits [prescribed by the regulations] may be appealed to the next step." 7 N.Y.C.R.R. § 701.8. Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. Santos v. Hauck, 242 F.Supp.2d 257 (W.D.N.Y.2003).

Prior to the Supreme Court's decision in Porter v. Nussle, the law in the Second Circuit was that the PLRA's exhaustion requirement did not apply to claims pertaining to isolated incidents affecting particular inmates. See Nussle v. Willette, 224 F.3d 95 (2d Cir.2000). In Nussle, however, the Supreme Court held that " § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Nussle, 534 U.S. at 520, 122 S.Ct. 983. Nussle has been applied retroactively to cases filed prior to the Supreme Court's decision, see Santos, at 259–60 (collecting cases); Khalild v. Reda, No. 00 Civ. 7691, 2003 WL 42145 (S.D.N.Y. Jan. 23, 2003), and absent any unusual circumstances, would apply with equal force here.

2. Defendants also move to dismiss Wende on the ground that it is not a proper party to a § 1983 action. Plaintiff concedes that defendants Wende and New York State Department of Correctional Services should be dismissed from the action. The Court previously terminated New York State Department of Correctional Services as a defendant, see Dkt. # 9, and now dismisses Wende as a defendant.

■ For plaintiff to successfully oppose summary judgment pursuant to Rule 56(f), he must explain the nature of the uncompleted discovery, how the facts sought are reasonably expected to create a genuine issue of material fact, what efforts the plaintiff has made to obtain those facts, and why those efforts were unsuccessful. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994) *citing Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 422 (2d Cir.1989). Here, plaintiff has made the necessary showing by submitting his affidavit and his attorney's affidavit.

Defendants argue that they are entitled to summary judgment because plaintiff did not satisfy the third level of the exhaustion requirement that requires filing an appeal with the CORC. In support of their motion, defendants submitted the affidavit of Thomas G. Eagen, the Director of the Inmate Grievance Program for the Department of Correctional Services. Dkt. # 34. Eagen supervises the maintenance of grievance records and conducted a search of the CORC appeal records. He found no record that plaintiff filed an appeal from any grievance concerning the incidents of August 10 or November 9, 1997. *Id.* at ¶ 6. This showing would in most circumstances demonstrate that the defendants were entitled to judgment as a matter of law, at least as to the first and second claims of plaintiff's amended complaint.

■ However, plaintiff alleges that he filed all of the necessary complaints and began the grievance process, but the Department of Corrections failed to act on his complaints. Plaintiff claims that the information he seeks in within the defendants' control, and that he requested the information from Inmate Records, but he has not had complete access to those records. These allegations are sufficient to withstand summary judgment at this time. It is well-settled that where an inmate alleges that his attempts to comply with the exhaustion requirement were hampered by the defendants' conduct, dismissal is not warranted. *See O'Connor v. Featherston,* No. 01 Civ. 3251, 2002 WL 818085 (S.D.N.Y. Apr. 29, 2002); *Evans v. Nassau Co.,* 184 F.Supp.2d 238, 245 (E.D.N.Y. 2002); *Rodriguez v. Hahn,* 99 Civ. 11663, 2000 WL 1738424, *2 (S.D.N.Y. Nov. 22, 2000); *see also Miller v. Norris,* 247 F.3d 736, 740 (8th Cir.2001) (holding that an administrative "remedy" is not "available" under the PLRA where prison officials prevented a prisoner from "utilizing" those remedies).

As to plaintiff's third claim alleging violation of his Fourteenth Amendment due process rights, defendants have failed to demonstrate their entitlement to judgment as a matter of law. In his affidavit, Eagen does not state whether the CORC had any record of plaintiff filing an appeal regarding his Fourteenth Amendment claim related to the disciplinary hearing.

■ The general rule is that an appeal from a disciplinary hearing does not satisfy the grievance exhaustion requirement for an Eighth Amendment excessive force claim, even if the hearing is based on the same set of facts underlying the grievance. *See McNair v. Sgt. Jones,* No. 01 Civ. 3253, 2002 WL 31082948, *7 (S.D.N.Y. Sept. 18, 2002) (dismissing § 1983 where plaintiff failed to exhaust administrative remedies despite having appealed from disciplinary hearing on the same facts alleged in support of his excessive force claim); *Benjamin v. Goord,* No. 02 Civ. 1703, 2002 WL 1586880,*2 (S.D.N.Y. July 17, 2002) ("exhausting appeals of a disciplinary hearing determination does not constitute exhausting administrative remedies for his grievance, even if the underlying facts are the same."), *citing Cherry v.*

*Selsky,* No. 99 Civ. 4636, 2000 WL 943436, *7 (S.D.N.Y. July 7, 2000).

 However, in certain circumstances, an appeal from a disciplinary hearing that raises the same infirmities as alleged in support of a § 1983 claim based on Fourteenth Amendment due process violations during that hearing may be sufficient to exhaust the grievance procedure as well. *See Flanagan v. Maly,* 99 Civ. 12336, 2002 WL 122921, *2 (S.D.N.Y. Jan. 29, 2002) ("once the alleged deprivation of rights has been approved at the highest level of the state correctional department to which an appeal is authorized, resort to additional internal grievance mechanisms would be pointless."). If the plaintiff appealed directly from the outcome of the August 10 disciplinary hearing, and raised as an issue on that appeal the insufficiency of the evidence, he may have exhausted his administrative remedies on the third claim.

It is undisputed that the parties have yet to conduct discovery. Given plaintiff's allegations regarding exhaustion, the Court must deny the defendants' motion for summary judgment at this time on all claims. *Croswell v. McCoy,* No. 9:01 Civ. 00547, 2003 WL 962534, *4 (N.D.N.Y. Mar. 11, 2003) (denying summary judgment on issue of exhaustion where the record was unclear regarding the efforts plaintiff took to exhaust his remedies); *Evans,* 184 F.Supp.2d at 245; *see also Perez v. Blot,* 195 F.Supp.2d 539, 545–46 (S.D.N.Y.2002) (granting plaintiff's motion to compel discovery on the issue of exhaustion before considering motion to dismiss for failure to exhaust claims).

## CONCLUSION

Defendants' motion for summary judgment (Dkt.# 30) is denied without prejudice. The parties must complete discovery on issues relating to exhaustion within ninety (90) days of entry of this decision and order.

Defendant Wende Correctional Facility's motion for summary judgment is granted and the complaint against it is dismissed with prejudice.

Defendant E.R. Donnelly's motion for summary judgment is granted.

Defendant Manju Mas's motion for summary judgment is granted.

IT IS SO ORDERED.