OPINION OF THE COURT
George B. Ceresia, Jr., J.
*309 The above-captioned action arises out of a motor vehicle accident which occurred on May 22, 2003. It is alleged that a fire truck owned by the defendant was traveling on Interstate 787 in Albany County when its transmission fell off. Either the transmission, or the fire truck, allegedly came into contact with a motor vehicle owned by one Stephen Staples, plaintiff’s insured. Plaintiff, as subrogee of its insured, has commenced this action to recover the sum of $13,384.30, the amount it allegedly paid him under their insurance policy.
In June 2003 plaintiff served a notice of claim upon the defendant as required under General Municipal Law § 50-e. Defendant subsequently served a demand for an examination of plaintiff pursuant to General Municipal Law § 50-h. The demand requested that plaintiff produce its subrogor, Stephen Staples, at the section 50-h examination. Plaintiff’s counsel responded by indicating that while he would be willing to produce an employee of the plaintiff to testify with regard to the contents of plaintiffs file, he did not represent Stephen Staples personally, and was not “in a position” to produce Stephen Staples. Counsel also pointed out that Stephen Staples was not the operator of the insured vehicle at the time of the accident. Rather, the insured vehicle was being operated by Stephen’s son Timothy Staples. The dispute was never resolved, and the section 50-h examination of Stephen and Timothy Staples was never conducted. Defendant subsequently served an answer containing a fourth affirmative defense in which defendant asserted plaintiffs noncompliance with General Municipal Law § 50-h by reason of plaintiffs failure to produce its subrogor for examination.
Plaintiff has made a motion pursuant to CPLR 3211 (b) to strike defendant’s fourth affirmative defense. Plaintiff maintains that it was not obligated under General Municipal Law § 50-h to produce its subrogor. Defendant opposes the motion. Plaintiff maintains that it does not have control over, or represent, Stephen Staples. Defendant, in opposition to the motion, argues that plaintiff, as subrogee of its insured, Stephen Staples, has control of him sufficient to direct his appearance at the section 50-h examination. Defendant maintains that plaintiff, in part, is attempting to recover the out-of-pocket expenses of its insured, and to that extent represents Stephen Staples.
General Municipal Law § 50-h recites, in part, as follows:
“1. Wherever a notice of claim is filed against a city, county, town, village, fire district, ambulance district *310 or school district the city, county, town, village, fire district, ambulance district or school district shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate . . .
“2. . . . The demand shall be in writing and shall be served personally or by registered or certified mail upon the claimant unless the claimant is represented by an attorney, when it shall be served personally or by mail upon his attorney . . .
“5. Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter. If such examination is not conducted within ninety days of service of the demand, the claimant may commence the action. The action, however, may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests an adjournment or postponement beyond the ninety day period. If the claimant requests an adjournment or postponement beyond the ninety day period, the city, county, town, village, fire district or school district shall reschedule the hearing for the earliest possible date available.”
From the foregoing, it is clear that under General Municipal Law § 50-h a municipality (or an appropriate municipal district) has the right to examine the claimant with respect to the notice of claim. The purpose of General Municipal Law § 50-h (taken in conjunction with General Municipal Law § 50-i) is to afford a municipality an opportunity to investigate the notice of claim to determine whether the claim should be adjusted or satisfied before the parties are subjected to the expense of litigation (see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]). The relief prescribed by General Municipal Law § 50-h is discrete in scope i.e., it is limited to the examination of the claimant. The court is of the view that had the Legislature desired to authorize the examination of persons other than the claimant, e.g., the claimant’s transferors, assignors, and/or subrogors, it could *311 easily have provided such relief. To date it has not. The court finds that plaintiff, in failing to produce either Stephen Staples or Timothy Staples for examination, did not violate the requirements of General Municipal Law § 50-h. The court concludes that plaintiffs motion should be granted, and defendant’s fourth affirmative defense dismissed.