Needleman v McFadden (2021 NY Slip Op 05170)





Needleman v McFadden


2021 NY Slip Op 05170


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 101048/19 Appeal No. 14246 Case No. 2020-04291 

[*1]Jerry S. Needleman, Plaintiff-Appellant,
v
Detective Michael McFadden et al., Defendants-Respondents.


Jerry S. Needleman, appellant pro se.
Georgia M. Pestana, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 10, 2020, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Service of a notice of claim is a condition precedent to assertion of a tort claim against a municipal corporation (see General Municipal Law §§ 50-e[1][a], 50-i[1]; Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61 [1984]). The notice of claim requirement applies as well to claims against municipal employees, like defendants here (see Young v New York City Health & Hosps. Corp., 147 AD3d 509, 509 [1st Dept 2017]; Cleghorne v City of New York, 99 AD3d 443, 446 [1st Dept 2012]). Accordingly, plaintiff's failure to serve a notice of claim on defendants warrants the dismissal of his complaint (see Davidson, 64 NY2d at 62).
We have considered plaintiff's remaining contentions, and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021