**Daniel RODRIGUEZ, Plaintiff,**

v.

**Officer HAHN, et al., Defendants.**

**No. 99 CIV. 11663.**

United States District Court,
S.D. New York.

July 17, 2002.

---

Daniel Rodriguez, Ossining, NY, for Plaintiff.

Jeffrey H. Horowitz, Eliot Spitzer, Attorney General General, State of New York, for Defendants.

## DECISION AND AMENDED ORDER

MARRERO, District Judge.

Plaintiff Daniel Rodriguez ("Rodriguez") commenced this *pro se* action for monetary damages alleging, among other things, that corrections officers at the New York State Green Haven Correctional Facility ("Green Haven") used excessive force when they physically assaulted him on August 11, 1999. Rodriguez further claims that he was and continues to be denied medical care by defendant Dr. Hari Chakrovorty ("Chakrovorty") for injuries he sustained during the assault, including cuts on his face and blood in his urine.

On March 11, 2002, defendant State corrections officers at Green Haven—officer Hahn ("Hahn"), Dr. William Songh ("Songh"), Sergeant Coleman Wilson ("Wilson"), Chakrovorty, and Superintendent Christopher Artuz ("Artuz") (collectively "Defendants")—moved for summary judgment on the grounds that Rodriguez failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) [1]. On June 27, 2002, the Court issued an Order granting summary judgment to Defendants on the basis of the recent Supreme Court decision in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), *rev'g Nussle v. Willette,* 224 F.3d 95 (2d Cir.2000). The June 27, 2002 Order indicated that the Court's rea-

---

1. 42 U.S.C. § 1997(e)(a) provides that:
   No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

soning would be set forth in a subsequent decision. For the reasons discussed below, the Court grants Defendants' motion for summary judgment and amends the June 27, 2002 Order to incorporate the discussion herein.

## I. *FACTS*

On August 11, 1999, Rodriguez, while incarcerated at Green Haven, requested permission to go to the medical clinic in order to receive treatment for an injury near his groin area, which had resulted from a baseball game. Rodriguez was treated by Songh. During the treatment, Songh told Rodriguez to "refrain from having rough sex in prison." Rodriguez was offended by the doctor's statement, which he interpreted as insinuating that he engaged in homosexual activity. In response, Rodriguez became agitated and started to insult Songh. Because of Rodriguez's behavior, Songh called for corrections officers to come into the examination room. In the meantime, Rodriguez attempted to leave the examination room. Hahn and another officer named Jean ("Jean") came into the examination room and placed Rodriguez on the floor and Wilson handcuffed him. Rodriguez alleges that the corrections officers then proceeded to beat him in the examination room.

Later that day, Rodriguez requested to see a doctor for the injuries he allegedly sustained from the beating in the examination room. Rodriguez claims that although Chakavorty saw him that day, the doctor refused to treat him.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

A motion for summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

Accordingly, a party opposing summary judgment " 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " *Id.* at 248, 106 S.Ct. 2505. Moreover, " 'all ambiguities and inferences ... to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party.' " *Burns v. Moore,* No. 99 Civ. 0966, 2002 WL 91607, at *3 (S.D.N.Y. Jan. 24, 2002) (quoting *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988)). "Because 'most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency.' " *Woods v. Goord,* No. 01 Civ. 3255, 2002 WL 731691, at *2 (S.D.N.Y. Apr. 23, 2002) (quoting *Lerman v. Bd. of Elections in the City of New York,* 232 F.3d 135, 140 (2d Cir. 2000)).

For lawsuits related to conditions of prison life, the Supreme Court held in *Porter* that the PLRA requires an inmate

to exhaust all prison grievance procedures before seeking judicial relief, regardless of whether a plaintiff's claims "involve general circumstances or particular episodes, and whether [he] allege[s] excessive force or some other wrong." *Porter*, 534 U.S. 516, 122 S.Ct. at 992, 152 L.Ed.2d 12. Furthermore, the Supreme Court stated in *Porter* that the available remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* at ——, 122 S.Ct. at 988 (quoting *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

▇ As an inmate of the New York State prison system, Rodriguez was required to avail himself of the remedies provided by the New York State Department of Corrections ("DOCS"). DOCS provides for a three-step administrative process for the resolution of inmate grievances. *See* N.Y.Comp.Codes R. & Regs. tit. 7, § 701.7 (hereinafter " § 701.7"). Such grievance procedures require that an inmate "submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence on Inmate Grievance Complaint Form [Number] 2131" or on plain paper. Section 701.7(a)(1) ("Level One"). After the complaint is filed, there is an informal resolution process whereby representatives of the parties have seven days to resolve the issue. Section 701.7(a)(3). If an informal resolution is not reached by then, there is a hearing, the result of which is appealable to the superintendent ("Level Two"). Sections 701.7(a)(4) and 701.7(b)(1). The final step is an appeal to and decision from the central office review committee ("CORC" or "Level Three") Section 701.7(c)(1). Rodriguez did not file a grievance for his claim of the denial of medical treatment. Accordingly, the Court finds that the available remedies for this claim have not been exhausted and limits further discussion to the claim of excessive force.

Rodriguez, in compliance with § 701.7(a)(1), filed a Level One grievance for the correction officers' alleged use of excessive force on August 11, 1999. The grievance was received and numbered 43141–99. (Pl.'s Ex. H.) There was a Level Two hearing on the matter pursuant to § 701.7(a)(4) and Rodriguez was denied relief for his excessive force claim based on the finding that force was appropriately used. (Pl.'s Exs. H and I–1.)

▇ Defendants claim that because Rodriguez failed to properly appeal his grievance decision to the Superintendent, pursuant to Level Two procedure, he did not exhaust his available remedies. (Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, dated March 11, 2002 ("Defs.' Mem."), at 7.) However, Defendants also claim the opposite to be true when they stated that Rodriguez did appeal the grievance, relying on an affidavit submitted by James Lagoy ("Lagoy"), the supervisor of the Inmate Grievance Program. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint, dated April 7, 2000 ("Defs.' Mot."), at 10.) The affidavit submitted by Lagoy asserts that Rodriguez did file a grievance for his excessive force claim, and that this claim was appealed to the superintendent. (Lagoy's Affidavit, dated April 5, 2000, at ¶ 5 ("Lagoy's Aff.").) Accordingly, the Court, resolving doubts in favor of the non-movant, finds that Rodriguez did properly appeal his decision to the Superintendent. Rodriguez's appeal was denied by Superintendent Christopher Artuz on October 4, 1999. (Pl.'s Ex. L–1, I–1, and I–2.)

▇ Although, on this record, the Level Two appeal for the excessive force claim has been completed under the § 701.7 procedure, Rodriguez cannot exhaust his available remedies without a final disposition from CORC. Rodriguez maintains that

he submitted an appeal statement to CORC contesting the decision reached by Superintendent Artuz on the excessive force claim. (Pl.'s Ex. I–2). However, merely submitting an appeal is insufficient for the exhaustion of available remedies; there must be a final disposition from CORC before such remedies are considered exhausted. *See Kearsey v. Williams,* No. 99 Civ. 8646, 2002 WL 1268014, at \*2 (S.D.N.Y. June 6, 2002) (citing *Parkinson v. Goord,* No. 98 Civ. 6408L, 116 F.Supp.2d 390, 394 (W.D.N.Y. Sept. 28, 2000) (concluding that a final determination from CORC is necessary for exhaustion of administrative remedies)). Although Rodriguez asserts that he fully exhausted all available remedies, (Pl.'s Mot. at 3), these assertions are insufficient to overcome a motion for summary judgment, even for a *pro se* plaintiff. "Proceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Id.* at 393 (citing *Carbonell v. Goord,* 99 Civ. 3208, 2000 WL 760751, at \*5 (S.D.N.Y. June 13, 2000)). Rodriguez has provided no evidence that he received a final determination from CORC before he commenced this action.

Consequently, the Court concludes that on the record before it there is no issue of material fact as to whether Rodriguez exhausted his administrative remedies and finds that Rodriguez has not exhausted his available remedies as required by the PLRA. Rodriguez did not file a grievance for his claim of denial of medical treatment, and did not receive a final disposition from CORC for his excessive force claim. Accordingly, the Court grants Defendants' motion for summary judgment pursuant to 42 U.S.C. § 1997(e)(a) for failure to exhaust available administrative remedies.

## III. *CONCLUSION AND ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the Court's Order dated June 27, 2002 is amended to incorporate the discussion set forth herein; and it is further

**ORDERED** that the defendants motion for summary judgment is granted.

The Clerk of Court is directed to close this case.

**SO ORDERED.**