**Clarence EVANS, Plaintiff,**

v.

**Sgt. Arnold J. JONATHAN,
et al., Defendants.**

**No. 01–CV–6046L.**

United States District Court,
W.D. New York.

March 31, 2003.

Clarence Evans, Dannemora, NY, Pro se.

Joel Landau, Albany, NY, for Plaintiff.

Charles D. Steinman, New York State Attorney General, Rochester, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, District Judge.

**INTRODUCTION**

Plaintiff, Clarence Evans ("plaintiff"), an inmate incarcerated at the Orleans Correc-

tional Facility, brought this action pursuant to 42 U.S.C. § 1983 against Arnold Jonathan, Herbert Kuehn, and Lance Lewis,[1] three Orleans Correctional Officers ("defendants"). Plaintiff alleges that on October 22, 1998, defendants assaulted him in violation of his Eighth Amendment rights.

Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and the Supreme Court's decision in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Plaintiff argues that because his excessive force claim accrued in 1998, he was not required to exhaust his administrative remedies prior to bringing suit, and that the Court should not apply *Nussle* retroactively. Plaintiff also argues that he sufficiently exhausted his administrative remedies through formal and informal channels.

For the reasons that follow, I find that plaintiff has raised an issue of fact regarding whether he sufficiently exhausted his administrative remedies. Therefore, defendants' motion for summary judgment is denied.

## DISCUSSION

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir.2000) (quotations omitted). Where, as here, the plaintiff is proceeding

*pro se,* the court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.,* 202 F.3d 530, 536 (2d Cir.1999) (quotations omitted). "Nonetheless, '[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment.'" *Rodriguez v. Ames,* 224 F.Supp.2d 555, 559 (W.D.N.Y.2002), *quoting Rodriguez v. Hahn,* 209 F.Supp.2d 344, 348 (S.D.N.Y.2002).

■ The PRLA provides at 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prior to the Supreme Court's decision in *Porter v. Nussle,* the law in the Second Circuit was that the PLRA's exhaustion requirement did not apply to claims pertaining to isolated incidents affecting particular inmates, including claims of excessive force. *See Nussle v. Willette,* 224 F.3d 95 (2d Cir. 2000). In *Nussle,* however, the Supreme Court held that " § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Nussle,* 534 U.S. at 520, 122 S.Ct. 983. Therefore, prisoners must exhaust all available administrative remedies prior to bringing a § 1983 claim based on excessive force.

In New York State, those remedies consist of a three-step review process. First, "an inmate must submit a complaint to the Grievance Clerk within 14 calendar days of an alleged occurrence ...." 7 N.Y.C.R.R.

---

1. Defendant Lewis has never been served and did not file an answer. Dkt. # 20.

§ 701.7(a)(1). The grievance is then submitted to the inmate grievance resolution committee ("IGRC") for investigation and review. The IGRC's decision can be appealed to the superintendent of the facility, and the superintendent's decision can be appealed to the Central Office Review Committee ("CORC"), which makes the final administrative determination. *See* 7 N.Y.C.R.R. § 701.7. At each step, there are time limits within which the grievance or appeal must be decided, and "matters not decided within the time limits [prescribed by the regulations] may be appealed to the next step." 7 N.Y.C.R.R. § 701.8. Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to 42 U.S.C. § 1983 in federal court. *Santos v. Hauck*, 242 F.Supp.2d 257 (W.D.N.Y.2003).

There is also an alternative procedure available to an inmate who, like plaintiff, claims that he was harassed or assaulted by correctional officers. *See* 7 N.Y.C.R.R. § 701.11. The inmate "should first report such occurrences to the immediate supervisor of [those] employee[s]." 7 N.Y.C.R.R. § 701.11(b)(1). The inmate's complaint must be given a grievance number and recorded in sequence. 7 N.Y.C.R.R. § 701.11(b)(2). Thereafter, the Superintendent must determine whether, if true, the grievance would represent a bona fide case of harassment. 7 N.Y.C.R.R. § 701.11(b)(3). If the Superintendent determines that the grievance does not represent a bona fide case of harassment, then the grievance is submitted to the IGRC for resolution in conform-

ance with the usual IGP procedure found in Section 701.7, outlined above. *Id.* Irrespective of his finding, the Superintendent must respond to the grievance within twelve days of its receipt. 7 N.Y.C.R.R. § 701.11(b)(5). If the Superintendent fails to respond within the required time, plaintiff may appeal his grievance to the CORC by filing a notice of decision to appeal with the IGP clerk. 7 N.Y.C.R.R. § 701.11(b)(6).

Here, defendants argue that they are entitled to summary judgment because plaintiff did not file an appeal with the CORC. In support of their motion, defendants submitted the affidavit of Thomas G. Eagen, the Director of the Inmate Grievance Program for the Department of Correctional Services. Dkt. # 23. Eagen supervises the maintenance of grievance records and conducted a search of the CORC appeal records. He found no "record or indication" that plaintiff filed any appeals from the denial of any grievances concerning an alleged assault on October 22, 1998 by Officers Jonathan, Lewis, or Kuehn. *Id.* at ¶ 5.

In response to defendants' motion, plaintiff argues that he sufficiently exhausted his claims.[2] Plaintiff submits evidence that shows that he may have exhausted his claims through the processes for harassment grievances found in 7 N.Y.C.R.R. § 701.11. In opposition to defendants' motion, plaintiff submitted a letter dated November 9, 1998 from George J. Bartlett, the Deputy Commissioner of the New York State Department of Corrections. In that letter, Bartlett responded to an Octo-

---

**2.** Plaintiff also argues that the Court should not apply *Nussle* retroactively because his action was filed before the Supreme Court's decision. Courts in this Circuit have repeatedly rejected this argument and held that claims filed prior to the Court's decision in *Nussle* must meet the exhaustion requirements. *See Santos v. Hauck,* 242 F.Supp.2d

257 (W.D.N.Y.2003) (collecting cases); *Khalild v. Reda,* No. 00 Civ. 7691, 2003 WL 42145 (S.D.N.Y. Jan. 23, 2003); *White v. New York,* No. 00 Civ. 3434, 2002 WL 31235713, *2 (S.D.N.Y. Oct. 3, 2002) ("Courts in this Circuit have consistently applied [*Nussle* ] retroactively"); *Hemphill,* 198 F.Supp.2d at 550.

ber 22, 1998, letter plaintiff sent to Glenn S. Goord, Commissioner of the Department of Corrections, as follows:

> Superintendent Johnson has conducted an investigation into your allegations of being assaulted by staff. Deputy Superintendent of Security Homringhouse reports that the investigation reveals you received a misbehavior report on October 22, 1998, for violent conduct and assault on staff. This was documented in the unusual incident report, as well as the use of force report. At your Tier III hearing held by Captain Gilbert, you received 120 days keeplock and three months loss of good time. You may appeal the Tier III decision to Donald Selsky, Director of Special Housing/Inmate Disciplinary Program within 30 days of your tier hearing disposition.
>
> Your complaint was investigated and all pertinent documents were reviewed and the evidence available does not substantiate your allegation.

Dkt. # 29, Ex. A. Plaintiff took no other immediate action regarding his grievance, until he commenced this action on January 29, 2001.

Following commencement of the action, plaintiff sent a letter to the IGP Supervisor on October 29, 2001 requesting that his grievance regarding the alleged assault be processed. Plaintiff acknowledged that the claim was untimely, but argued that there were mitigating circumstances that justified the late filing, namely his unsuccessful attempts to resolve the grievance through informal processes. *Id.* at Exs. B1 and B2. On November 30, 2001, after no response from the IGP Supervisor, plaintiff appealed to the Superintendent of Orleans. *Id.* at B3. The record does not show whether the Superintendent responded to his appeal. However, plaintiff received a response from the IGP Supervisor on December 10, 2001 informing him that

there was no record that plaintiff filed an October 29, 2001 grievance with the IGP. The letter goes on to state that even if plaintiff had filed such a grievance, it would have been denied as untimely because the incident occurred three years earlier. *Id.* at B4.

Plaintiff also submitted a December 21, 2001 letter which he claims to have sent to Thomas Eagen at CORC requesting that his grievance be processed in light of the confusion created by the Second Circuit's ruling in *Nussle v. Willette,* 224 F.3d 95 (2d Cir.2000) and the Supreme Court's decision in *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Plaintiff claims in the letter that the ever-changing case law on whether the PLRA exhaustion requirement applied to an excessive force claim constitutes mitigating circumstances such that his grievance should be processed. *Id.* at B5. The record contains no response from the CORC.

■ I find that the plaintiff has raised an issue of material fact regarding his attempts to exhaust his administrative remedies. Based on the evidence in the record, it appears plaintiff attempted to comply with the requirements of 7 N.Y.C.R.R. 701.11, by reporting the October 22, 1998 incident to his Superintendent. Based on the letter from Deputy Commissioner George Bartlett, the Superintendent denied plaintiff's grievance. Dkt. # 29, Ex. A. What is not clear is whether the Superintendent then submitted plaintiff's grievance to the IGRC for normal processing in accordance with the requirements of 7 N.Y.C.R.R. § 701.11(b)(3). If that happened, plaintiff should have received a determination from the IGRC and instructions on how to appeal to the CORC. What is clear is that plaintiff received a letter from Bartlett indicating that the Department of Corrections reviewed his grievance, the Superin-

tendent's denial of it, and the evidence surrounding the October 22, 1998 incident, and found that the evidence did not "substantiate" plaintiff's allegations. Bartlett's letter then explained the appeals process for the outcome of the disciplinary hearing, but not for the grievance procedure.

The Second Circuit has held that the resolution of a grievance through informal channels may satisfy the exhaustion requirement because under the administrative scheme in New York "grieving through informal channels is an available remedy." *Marvin v. Goord,* 255 F.3d 40, 43 n. 3 (2d Cir.2001), *citing* 7 N.Y.C.R.R. § 701.11; *see also Ortiz v. McBride,* 323 F.3d 191, 194–95 (2d Cir.2003). In circumstances very similar to those alleged by plaintiff here, the District Court in *Gadson v. Goord,* No. 998CV1224, 2002 WL 982393 (N.D.N.Y. May 10, 2002), denied defendants' motion for summary judgment on the issue of exhaustion. In *Gadson,* plaintiff followed the informal grievance process set forth in 7 N.Y.C.R.R. § 701.11 following an alleged assault by correctional officers. Plaintiff was instructed to send the complaint to the Deputy Superintendent of the correctional facility, who investigated the grievance and found that "evidence to substantiate [plaintiff's] claim [was] lacking." No appeal instructions were given by the Superintendent, and the record did not otherwise indicate that the Superintendent followed the procedures outlined in 7 N.Y.C.R.R. § 701.11. The District Court found that plaintiff's attempts to comply with the informal grievance procedure were sufficient to exhaust his remedies because the prison personnel failed to comply with the procedures set forth in 7 N.Y.C.R.R. § 701.11. The Court held that "[p]rison authorities cannot have it both ways—they cannot obstruct an inmate's pursuit of administrative remedies exhaustion by failing to comply with statutory procedure on the one hand, and then claim that the inmate did not properly exhaust these remedies on the other." *Gadson,* at 194–95.

Similarly here, it appears that the Superintendent may not have complied with the grievance procedure set forth in 7 N.Y.C.R.R. § 701.11. However, based on the record before the Court, that determination cannot be made at this time. The defendants did not file any reply papers and do not address plaintiff's allegations regarding his attempt to exhaust his administrative remedies. The failure to comply with the PLRA's exhaustion requirement is viewed as an affirmative defense on which defendant bears the burden of proof. *Jenkins v. Haubert,* 179 F.3d 19, 28–29 (2d Cir.1999). Moreover, whether the plaintiff has exhausted his administrative remedies is a question for the Court to decide as a matter of law. *Snider v. Melindez,* 199 F.3d 108, 113–14 (2d Cir.1999). The record as it exists at this time contains an ambiguous account of plaintiff's efforts to complete the exhaustion process. Given that the Court must draw all reasonable inferences in plaintiff's favor, the Court must deny the defendants' motion for summary judgment at this time. *See Croswell v. McCoy,* No. 9:01 Civ. 00547, 2003 WL 962534, *4 (N.D.N.Y. Mar. 11, 2003) (denying summary judgment on issue of exhaustion where the record was unclear regarding the efforts plaintiff took to exhaust his remedies); *Evans v. Nassau Co.,* 184 F.Supp.2d 238, 245 (E.D.N.Y. 2002) (question of fact exists regarding plaintiff's attempts to exhaust his administrative remedies).

Moreover, it is not certain whether the parties have had discovery on this issue yet. Therefore, summary judgment should not be decided until after that process is complete. *See generally Perez v. Blot,* 195 F.Supp.2d 539, 545–46 (S.D.N.Y.

2002) (motion to compel discovery on the issue of exhaustion granted where record was not clear regarding plaintiff's efforts to exhaust his claims).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Dkt.# 22) is denied.

IT IS SO ORDERED.