Eunice ROLAND, Plaintiff,

v.

Sergeant MURPHY; Corporal Cantwell; Officers Breland, Cook, Hutchinson and Walsh; and the Nassau County Correctional Center, Defendants.

No. 00–CV–0020(TCP)(MLO).

United States District Court, E.D. New York.

Oct. 30, 2003.

Eunice Roland, East Meadow, NY, Pro se.

Marc S. Krieg, Krieg Associates, P.C., Dix Hills, NY, for Petitioner.

Liora Miriam Ben–Sorek, Office of the Nassau County Attorney, Mineola, NY, for Respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendants Nassau County Correctional Center, and Nassau County corrections personnel Sergeant Murphy, Corporal Cantwell, and Officers Breland, Cook, Hutchinson and Walsh, move for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), for plaintiff Eunice Roland's failure to state a claim upon which relief may be granted. The Court heard oral argument on September 29, 2003.

For the following reasons, Defendants' motion is DENIED.

### Background

A. *Factual Background*

The plaintiff, an inmate at the Nassau County Correctional Center, alleges that on June 21, 1999 defendants subjected her to a body cavity search in an inappropriate manner and at an inappropriate location. (*See* Plaintiff's Affirmation in Opposition to Motion of Defendants for an order Granting Judgment on the Pleadings at ¶ 3.) Ms. Roland admits that officers discovered contraband during a search of her cell, further admits that "there is credible testimony to the effect that [she] attempted to hide some contraband pills in her underpants," and states that she "is not contesting the necessity for the strip search" that then took place. (*Id.* at ¶ 7.) However, Plaintiff claims that the search, while conducted by four female corrections officers in her cell, took place in full view of three male corrections officers standing outside her cell, and that the latter observed her private parts and made related crude remarks. (*See id.* at ¶ 6, 8.)

Ms. Roland promptly complained to authorities about, *inter alia,* the search of June 21st. On July 7, 1999 Plaintiff complained to a hotline staffed by the Nassau County District Attorney's Office about the search. (*See id.* at Exhibit F.) On July 14, 1999 Plaintiff complained to the Internal Affairs section of the Nassau County Sheriff's Department, about the search. (*See id.* at ¶ 16 and Exhibit C.) On July 26, 1999 Plaintiff complained to the District Attorney's Office regarding alleged harassment by two of the defendants in this case, Officers Hutchinson and Walsh. (*See id.* at ¶ 17 and Exh. D.)

In her complaints to authorities about the search, Plaintiff apparently fabricated certain details about the incident, including a alleged fifteen minute-long beating and also an inappropriate act of manual penetration, that are no longer part of her allegations. (*See id.* at Exh. F.)

The Nassau County authorities investigated Plaintiff's complaints. On July 28, 1999 Plaintiff's complaint of July 26th was referred by the chief of the District Attorney's Office's Special Investigations Bureau to the commanding officer of the Internal Affairs Unit of the Sheriff's Department. (*See id.* at Exh. D.) On March 14, 2001 the chief of the D.A.'s Office's Special Investigations Bureau requested from the deputy undersheriff in charge of the Sheriff Department's Bureau of Investigation the status of the inquiries into the search of June 21, 1999 and also into further alleged incidents of harassment of Plaintiff that reportedly took place on September 16, 1999 and February 17–18, 2000. (*See id.* at Exh. E.) On August 3, 2001 an assistant district attorney from the Special Investigations Bureau recommended to her unit's chief that the investigation into the June 21st incident be closed, based upon both the failure of the Sheriff's Department investigator "to do

any real investigation," and also "the complainant's mental health ... the contraband found on her person ... and the unbelievable nature of her allegations." The prosecutor suggested referring the case "to the Sheriff's Department for whatever action they deem to be appropriate." (*See id.* at Exh. H.) On November 7, 2001 an investigator from the Sheriff's Department's Bureau of Investigations recommended that the case be closed as unsubstantiated, but also recommended that the previous investigator be disciplined "for his failure to conduct a thorough and timely investigation." (*Id.* at Exh. G.)

### B. *Procedural History*

Plaintiff filed suit on January 3, 2000 for the deprivation of her civil rights under color of law, pursuant to 42 U.S.C. § 1983. Defendants now move for judgment on the pleadings pursuant to FED.R.CIV.P. Rule 12(c). Defendants argue that plaintiff did not state a claim upon which relief may be granted, due to Ms. Roland's failure to exhaust her administrative remedies, as called for by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), which states, in pertinent part, that no action shall be brought with respect to prison conditions under § 1983 by a prisoner until such administrative remedies as are available are exhausted. Specifically, Defendants state that Plaintiff failed to follow the Inmate Grievance Program, as laid out by New York State's Codes, Rules and Regulations, 7 N.Y.C.R.R. § 701.1 *et seq.*

### Discussion

### A. *Motion for Judgment on the Pleadings*

#### 1. *Burden of proof*

When a defendant seeks to dismiss a prisoner's § 1983 claim on the basis of the PLRA and plaintiff's non-exhaustion of administrative remedies, the "burden of proving [plaintiff]'s non-exhaustion rests upon defendants, and thus defendants must show that no reasonable jury could fail to find in their favor on this issue" (*Branch v. Brown,* 2003 WL 21730709 at *12 (S.D.N.Y. Jul. 30, 2003)), and "[w]hether the plaintiff has exhausted his administrative remedies is a question for the Court to decide as a matter of law ... draw[ing] all reasonable inferences in plaintiff's favor." *Evans v. Jonathan,* 253 F.Supp.2d 505, 509 (W.D.N.Y.2003).

#### 2. *"Informal" exhaustion of administrative remedies for § 1983 claims under the PLRA*

It is uncontested that Ms. Roland did not follow the formal procedures provided for in the Inmate Grievance Program. However, prisoners may "informally" exhaust administrative remedies for their grievances. In this case, Plaintiff informally satisfied these requirements.

In *Marvin v. Goord,* the Second Circuit stated that resolution of grievances "through informal channels satisfies the exhaustion requirement, as, under the administrative scheme applicable to New York prisoners, grieving through informal channels is an available remedy" and as the inmate grievance program "is intended to supplement, not replace, existing formal or informal channels of problem resolution." 255 F.3d 40, 43 n. 3 (2d Cir.2001) (citing 7 N.Y.C.R.R. § 701.1). *See also Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir.2003) (stating that informal resolution of an inmate's grievances may satisfy the exhaustion requirement of PLRA).

Following the rationale of *Marvin v. Goord,* several District Courts within this jurisdiction have found that certain plaintiffs informally satisfied the requirement of the exhaustion of administrative remedies. *See Perez v. Blot,* 195 F.Supp.2d 539, 544 (S.D.N.Y.2002) (finding informal exhaustion where a prisoner reported his griev-

ance to officials who instituted an investigation by the Department of Correction's Inspector General's Office); *Heath v. Saddlemire,* 2002 WL 31242204 at *4 (N.D.N.Y. Oct. 7, 2002) (finding informal exhaustion where a prisoner wrote letters to prison officials, secured counsel instituted a lawsuit); and *Lewis v. Gagne,* 281 F.Supp.2d 429, 435 (N.D.N.Y.2003) (finding informal exhaustion where a prisoner made verbal complaints to facility staff, and contacted an attorney, family court, and The New York State Child Abuse and Maltreatment Register).[1]

The Plaintiff in the instant case, Ms. Roland, informed the Sheriff's Department's Internal Affairs Unit and the District Attorney's Office about the disputed search. She triggered an investigation by the Sheriff's Bureau of Investigations and the District Attorney's Special Investigations Bureau, both of which ultimately recommended that her case be dismissed.

The filing of an additional complaint through the Inmate Grievance Program could give Nassau County no more notice of Plaintiff's concerns than it already has been given, and Plaintiff's actions have given Nassau County ample opportunity to address Plaintiff's concerns internally. This Court finds that in the instant case, Plaintiff succeeded in informally satisfying the exhaustion requirement of the PLRA.

### Conclusion

For the reasons stated above, Defendants' motion for judgment on the pleadings is DENIED.

SO ORDERED.

---

**1.** *But see Nelson v. Rodas,* 2002 WL 31075804 at *3 n. 9 (S.D.N.Y. Sep. 17, 2002) (stating that "this Court construes *Marvin v. Goord* as holding merely that a grievance through informal channels satisfies the exhaustion requirement *if the prisoner thereby obtained a favorable resolution of his grievance* ") (emphasis supplied).